

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2006

# Mufulu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2018

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mufulu v. Atty Gen USA" (2006). *2006 Decisions.* Paper 892.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/892

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2018
_____

GILONDA KINGAMBO MUFULU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A73 569 669)
Immigration Judge Donald V. Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2006

Before:  FISHER, CHAGARES and REAVLEY,* *Circuit Judges.*

(Filed June 15, 2006)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

The mistake in this case is clear: the Board of Immigration Appeals reviewed the wrong order. An order of removal was initially entered against the alien in April 2002, based on his failure to appear at a scheduled hearing. (A. 22-26; A.R. 107-09.) However, the order was subsequently rescinded when the immigration judge determined that the alien had not been given notice of the proceeding. (A. 28-30, 43, 45.) A second hearing was held in September 2002, at which the alien appeared, and a new order of removal was entered based on the immigration judge's adverse credibility determination. (A. 46-51.) The alien then appealed from that order. (A.R. 102.) Unfortunately, the Board assumed that the order under review was the rescinded one, issued in April 2002. (A. 89; A.R. 2.) It affirmed based on the alien's failure to appear, without addressing the adverse credibility determination on which the final order of removal, entered in September 2002, was based. (A. 89; A.R. 2, 102.) The alien now petitions for review.

We cannot affirm a decision of the Board on grounds other than those on which it relied. *See*, *e.g.*, *Li v. Attorney General*, 400 F.3d 157, 163 (3d Cir. 2005). Since the Board failed to address the merits of the final order of removal, we are precluded from doing so. We will grant the petition for review and remand this case to the Board so that it may consider the order issued in September 2002.